[No. H014577. Sixth Dist. Apr. 9, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
JESUS THOMAS VENEGAS, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

**COUNSEL**

Joli M. Schunk, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Stan M. Helfman and Sharon G. Birenbaum, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ELIA, J.**—This matter has been transferred here from the Supreme Court (S055929) with directions to vacate our previous decision and to reconsider the cause in light of *People* v. *Davis* (1997) 15 Cal.4th 1096 [64 Cal.Rptr.2d 879, 938 P.2d 938].

I

In our earlier opinion, we reversed the judgment of conviction after a defendant was found guilty of violating Penal Code section 12021, subdivision (e), which makes it a crime for certain juveniles to possess a firearm until the age of 30. We held that the conviction was subject to reversal since no juvenile court expressly found defendant to be a fit and proper subject to be dealt with under juvenile court law. We reasoned that by including express reference to a finding of fitness in Penal Code section 12021, subdivision (e), the Legislature intended that the prior juvenile offense must be one that the prosecutor or court considered so egregious as to warrant the filing of a Welfare and Institutions Code section 707 petition and the evaluation of the minor with supporting findings.

In *People* v. *Davis, supra,* 15 Cal.4th 1096, the Supreme Court interpreted a similar statute and reached the opposite conclusion. The court held that the

trial court erred in striking prior juvenile adjudications on the ground that they failed to satisfy Penal Code section 667, subdivision (d)(3)(D). The court said that Penal Code section 667, subdivision (d)(3)(D), which contains language substantially similar to that at issue here, does not require an express finding of fitness.

*People* v. *Davis, supra,* 15 Cal.4th 1096, interpreted Penal Code section 667, subdivision (d)(3), which lists the requirements for a prior juvenile adjudication to qualify as a "strike." That section provides: "(3) A prior juvenile adjudication shall constitute a prior felony conviction for purposes of sentence enhancement if: [¶] (A) The juvenile was 16 years of age or older at the time he or she committed the prior offense. [¶] (B) The prior offense is listed in subdivision (b) of Section 707 of the Welfare and Institutions Code or described in paragraph (1) [California prior serious or violent felony convictions] or (2) [other jurisdiction prior serious or violent felony convictions] as a felony. [¶] (C) The juvenile was found to be a fit and proper subject to be dealt with under the juvenile court law. [¶] (D) The juvenile was adjudged a ward of the juvenile court within the meaning of Section 602 of the Welfare and Institutions Code because the person committed an offense listed in subdivision (b) of Section 707 of the Welfare and Institutions Code."

The court considered the meaning of Penal Code section 667, subdivision (d)(3)(C)'s requirement that the juvenile was "found to be a fit and proper subject to be dealt with under the juvenile court law." The defendant in *Davis* contended that an express finding of fitness is required; the Attorney General asserted that an implied finding is sufficient. The Attorney General prevailed. The court explained that an "express finding of fitness is necessary in the context of a ruling on a Welfare and Institutions Code section 707 petition based on a former section 707(b) offense because the minor is presumed to be unfit. (Welf. & Inst. Code, § 707, subd. (c).) Thus, the juvenile court must explain why the presumption of unfitness was rebutted in that particular case. [¶] Subdivision (d)(3)(C), however, refers neither to a Welfare and Institutions Code section 707 petition nor to an express finding of fitness. Rather, it merely requires that the juvenile was 'found to be a fit and proper subject to be dealt with under the juvenile court law.' This, of course, includes the situation where a Welfare and Institutions Code section 707 petition based on a former section 707(b) offense was denied. It also reasonably includes the situation where the prosecutor does not file a Welfare and Institutions Code section 707 petition. As the Court of Appeal recognized, '[p]roceedings under section 602 with the resulting adjudication of wardship and treatment of the minor under the jurisdiction of the juvenile court constitute[] an implied finding that the minor is a "fit and proper

subject to be dealt with under the juvenile court law." ' By its terms, subdivision (d)(3)(C) requires a finding, not an express finding, of fitness. Accordingly, nothing in the subdivision's language precludes the inclusion of implied as well as express findings of fitness. Moreover, the suitability requirement helps distinguish those offenses committed by minors 16 or over that are adjudicated in juvenile court rather than as adult offenses. Indeed, if subdivision (d)(3)(C) were construed to require an express finding of fitness, this would so severely limit those juvenile adjudications that would qualify as 'strikes,' that such a result would seem to be at odds with the intent of section 667, subdivisions (b)-(i)." (*People* v. *Davis, supra,* 15 Cal.4th 1096, 1101-1102.)

*People* v. *Davis, supra,* 15 Cal.4th 1096, is a four-justice majority opinion. In dissenting, Justice Mosk rejected the notion of an implied finding of fitness and emphasized the language of the statute. He wrote: "To repeat: Section 667(d)(3)(C) requires a finding of fitness. That is what its words mean. That is the beginning of the matter and its end. (See *Kopp* v. *Fair Pol. Practices Com.* (1995) 11 Cal.4th 607, 672-673 . . . (conc. opn. of Mosk, J.).) We may not pass on the wisdom of statutes. (See, e.g., *People* v. *Zapien* (1993) 4 Cal.4th 929, 954 . . . ; *Wells Fargo Bank* v. *Superior Court* (1991) 53 Cal.3d 1082, 1099 . . . .) Of course, we may not evaluate the general end that the Legislature has sought which, according to its expressed intent, is 'to ensure longer prison sentences and greater punishment' for certain recidivists under certain conditions (Pen. Code, § 667, subd. (b)). But neither may we assess the specific means that it has chosen—which include the requirement of a finding of fitness." (*Davis, supra,* 15 Cal.4th at pp. 1105-1106 (dis. opn. of Mosk, J.).)

Justice Kennard dissented as well, criticizing the majority opinion because "It reaches this result by ignoring the plain meaning of section 667, subdivision (d)(3)(C), as well as established rules of statutory construction." (*People* v. *Davis, supra,* 15 Cal.4th at p. 1109 (dis. opn. of Kennard, J.).)

■ We turn now to an examination of Penal Code section 12021 in light of *Davis.* Penal Code section 12021 is commonly known as prohibiting convicted felons from possessing firearms. In 1990, the Legislature added subdivision (e). Section 12021, subdivision (e) provided:[1] "Any person who (1) is alleged to have committed an offense listed in subdivision (b) of

---

[1]Penal Code section 12021, subdivision (e) now provides in part: "Any person who (1) is alleged to have committed an offense listed in subdivision (b) of Section 707 of the Welfare and Institutions Code, an offense described in subdivision (b) of Section 1203.073, or any offense enumerated in paragraph (1) of subdivision (c), and (2) is subsequently adjudged a ward of the juvenile court within the meaning of Section 602 of the Welfare and Institutions Code because the person committed an offense listed in subdivision (b) of Section 707 of the

Section 707 of the Welfare and Institutions Code or an offense described in subdivision (b) of Section 1203.073, (2) is found to be a fit and proper subject to be dealt with under the juvenile court law, and (3) is subsequently adjudged a ward of the juvenile court within the meaning of Section 602 of the Welfare and Institutions Code because the person committed an offense listed in subdivision (b) of Section 707 of the Welfare and Institutions Code or an offense described in subdivision (b) of Section 1203.073 shall not own, or have in his or her possession or under his or her custody or control, any firearm until the age of 30 years." (Amended by Stats. 1994, ch. 451, § 4.)

In September of 1994, appellant, who was then 18 years old, was in possession of a .357-caliber revolver. Previously, when he was 17 years old, he was the subject of a juvenile adjudication for aggravated assault (Pen. Code, § 245, subd. (a)(1)) and was adjudged to be a ward of the juvenile court within the meaning of section 602 of the Welfare and Institutions Code. There is no record, however, of a formal fitness hearing pursuant to Welfare and Institutions Code section 707 at which the trial court found appellant fit to be dealt with in juvenile court.

In a supplemental brief after this case was returned to this court, appellant argues that applying any one of the three opinions issued in *People* v. *Davis*, this court should still conclude that appellant's felony conviction should be reversed. Appellant argues that the Penal Code section 12021, subdivision (e)'s language and structure make its meaning clear and unambiguous, and that, if viewed as ambiguous, the statute must still be interpreted under the rule of lenity to be consistent with due process. He argues that the legislative intent and other concerns the majority found persuasive in *People* v. *Davis* are absent in this case.

Respondent argues that "The language in Penal Code section 667(d)(3)(C) concerning juvenile fitness findings which was the subject of *Davis* does not differ in any significant way from the language in Penal Code section 12021(e) at issue here. The use of the term 'subsequently' in section 12021(e) most reasonably means subsequent to the filing of the petition alleging the juvenile to have committed the offenses listed in Welfare and Institutions Code section 707(b)." The use of the word "subsequently" in the statute does not significantly alter the determinative factor of whether the fitness finding must be express, or, as *Davis* tells us, may be implied.

Given the holding of *Davis*, that a juvenile fitness finding may be implied, we accept respondent's position that the finding required in Penal Code

---

Welfare and Institutions Code, an offense described in subdivision (b) of Section 1203.073, or any offense enumerated in paragraph (1) of subdivision (c) shall not own, or have in his or her possession or under his or her custody or control, any firearm until the age of 30 years."

section 12021 subdivision (e) may be implied. The use of the word "subsequently" does not change this because once the finding may be implied, the timing of the implication can be considered to occur sometime following the filing of the petition and before the wardship adjudication.

## II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## III

The judgment is affirmed.

Premo, Acting P. J., and Wunderlich, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 8, 1998.

---

*See footnote, *ante*, page 1344.